IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMIE CARNEY,<br><br>        Plaintiff,<br><br>    v.<br><br>SARA E. CARR,<br><br>        Defendant. | Case No. 25-CV-2770-KHV-TJJ |

### ORDER DENYING WITHOUT PREJUDICE
### PLAINTIFF'S MOTION TO REQUEST RECRUITMENT OF COUNSEL

Plaintiff, proceeding *pro se* se and *in forma pauperis*,[1] filed a Complaint for Enforcement of Affidavit of Support (Form I–864) ("Complaint") pursuant to 8 U.S.C. § 1183a(e)(1). This matter comes before the Court on Plaintiff's Motion to Request Recruitment of Counsel (ECF No. 11). Plaintiff requests the Court appoint counsel to represent him in this case to assist with the efficient presentation of the claims and any anticipated motion practice and discovery.

While a defendant in a *criminal* action has a constitutional right to be represented by an attorney, it is well settled that a party in a *civil* action has no right to appointment of counsel.[2] Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel." The appointment of counsel under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[3] In determining whether to appoint counsel under § 1915(e)(1), the

---

[1] *See* Order Granting Motion to Proceed Without Prepayment of Fees (ECF No. 8).

[2] *Durre v. Dempsey*, 869 F .2d 543, 547 (10th Cir. 1989).

[3] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request

district court may consider a variety of factors, including: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his/her claims, and (4) the complexity of the legal issues raised by the claims.[4] Further, the party requesting the appointment of counsel must make diligent efforts to secure an attorney on his own.[5] This District's form motion for appointment of counsel in a civil case requires a movant to list at least five attorneys contacted before filing the motion.[6]

The Court has considered Plaintiff's Motion for Appointment of Counsel under the above-referenced factors. The Court has already granted Plaintiff's motion to proceed *in forma pauperis* in this case. The Court also notes that Plaintiff lists an address in Dublin, Ireland. Plaintiff's motion, however, does not indicate whether Plaintiff contacted any Kansas attorneys or law firms about representation in his case before filing his motion. A review of Plaintiff's other filings to date shows that he appears capable of adequately representing himself without counsel at this stage of the proceedings. "Although a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities

---

an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1)).

[4] *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[5] *Cline v. Seal*, No. 22-CV-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022).

[6] The form motion for appointment of counsel is available on the Court's website at https://www.ksd.uscourts.gov/sites/ksd/files/Motion-for-appointment-of-counsel-2018.pdf.

and the merits of the case."[7] The Court therefore denies Plaintiff's motion without prejudice to the refiling of the motion at a later stage of the proceedings, if warranted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Request Recruitment of Counsel (ECF No. 11) is denied without prejudice.

IT IS SO ORDERED.

Dated March 3, 2026, at Kansas City, Kansas.

Teresa J. James
U.S. Magistrate Judge

---

[7] *Cline v. Russo*, No. 22-cv-4010-TC-TJJ, 2022 WL 873418, at *2 (D. Kan. Mar. 24, 2022) (quoting *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998)).