UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMIE CARNEY,

       Plaintiff,

v.

SARA E. CARR,

       Defendant.

Case No. 2:25-cv-02770-KHV-JBW

## **SCHEDULING ORDER**

On May 7, 2026, U.S. Magistrate Judge Jennifer B. Wieland conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiff Jamie Carney appeared *pro se* by videoconference. Defendant Sara E. Carr appeared along with her counsel Valerie K. Sprout by videoconference.[1]

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

---

[1]As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, crossclaimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, crossclaim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

| CARNEY v. CARR 25-cv-02770-KHV-JBW SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | **Already provided** |
| Defendant's settlement counter-proposal | **May 21, 2026** |
| Jointly proposed protective order submitted to court | **May 21, 2026** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **May 21, 2026** |
| Exchange of documents identified in initial disclosures or that the parties may otherwise use to support their claims or defenses | **May 29, 2026** |
| Plaintiff's Experts disclosed | **June 5, 2026** |
| Defendants' Experts disclosed | **June 5, 2026** |
| Motions to amend or join additional parties | **June 18, 2026** |
| Rebuttal experts disclosed | **July 6, 2026** |
| Jointly filed mediation notice, or confidential settlement reports emailed to magistrate judge | **July 6, 2026** |
| Mediation completed | **August 5, 2026** |
| All discovery completed | **August 7, 2026** |
| Proposed pretrial order due | **August 12, 2026** |
| ADR Report filed | **14 days after mediation held** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| Pretrial conference in KCK | **August 20, 2026 at 10:00 A.M.** |
| Potentially dispositive motions (e.g., summary judgment) | **September 3, 2026** |
| Motions challenging admissibility of expert testimony | **September 3, 2026** |
| Trial — ETT 1 day in Kansas City, KS | **February 1, 2027 at 9:00 A.M.** |

**1.	Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement potentially would be enhanced by early mediation. Plaintiff has already submitted a good-faith settlement proposal to Defendant. Defendant must make a good-faith counter-proposal by **May 21, 2026**.  By **July 6, 2026**, either (a) the parties must <u>file</u> a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation, or (b) each party must submit a confidential settlement report <u>by e-mail</u> to the undersigned U.S. Magistrate Judge at *ksd_wieland_chambers@ksd.uscourts.gov.*  These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office.  These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge.  If the parties cannot agree on a mediator and any party wants the court to select a particular mediator or other ADR neutral, then the parties may each submit up to three nominations in their confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. Absent further order of the court, mediation is ordered no later than **August 5, 2026.**  Defense counsel must file an ADR report by **August 19, 2026 or within 14 days** after any scheduled ADR process, using the form on the court's website: *http://www.ksd.uscourts.gov/adr-report/.*

**2.     Discovery.**

a.      The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance. To facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without the need for formal requests for production, they will exchange copies of the documents described in their Rule 26(a)(1) disclosures or that they may otherwise use to support their claims or defenses by **May 29, 2026**. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e).  In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery so as to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires.  Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

b.      All discovery must be commenced or served in time to be completed by **August 7, 2026**.

c.      The parties agree that principles of comparative fault do not apply.

d.      As required by Fed. R. Civ. P. 26(a)(2)(D), expert disclosures must be served by **June 5, 2026** and, for experts testifying solely to contradict or rebut evidence on the same subject matter identified by another party, disclosures must be served by **July 6, 2026**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the

disclosures.  These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony.  If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).

     **e.**      The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

     **f.**      The court considered the following discovery problem(s) raised by one or more of the parties: None.

     **g.**      Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows:

> Any electronically stored information will be printed to PDF and emailed to the opposing party.

     **h.**      Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

> The parties anticipate relying on the procedures described in the court's form protective order (or a similar protective order) that will be submitted as a proposed order to the court.

     **i.**      All depositions will be governed by the written guidelines on the court's website:

*https://ksd.uscourts.gov/file/843*

     **j.**      Discovery may be governed by a protective order.  If the parties agree on the need for, scope, and form of such a protective order, they must confer and file a joint motion requesting the entry of a protective order and email a copy of the proposed protective order (in Word format)

to *ksd_wieland_chambers@ ksd.uscourts.gov* by **May 21, 2026**. This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*https://ksd.uscourts.gov/file/919*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c). A pre-approved form protective order is available on the court's website:

*https://ksd.uscourts.gov/civil-forms*

If the parties disagree on the need for, scope, and/or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **May 21, 2026**.

**k.**     The parties do consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b).

**l.**     The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3.     Motions**

**a.**     Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **June 18, 2026**.

**b.** All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **September 3, 2026**.

**c.** Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

*https://ksd.uscourts.gov/file/326*.

**d.** All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **September 3, 2026**.

**e.** Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The court will typically grant the request and contact the parties to arrange the conference within a few days. The court will inform the parties whether any additional information should be submitted or filed in advance of this conference. Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

**f.** To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**g.** *See* D. Kan. Rule 7.1(d)(1)–(4), for applicable page limitations for discovery related motions, summary judgment motions, and other motions.

**4. Pretrial Conference, Trial, and Other Matters.**

**a.** Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **August 20, 2026 at 10:00 A.M.** at the United States Courthouse, 500 State Avenune, Kansas City, Kansas, in Courtroom 236. Attorneys or parties wishing to appear by phone or Zoom videoconference may request permission to do so by sending an e-mail to chambers 7 days before the conference; however, the judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person. No later than **August 13, 2026,** defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_wieland_chambers@ksd.uscourts.gov*. The proposed pretrial order must not be filed with the clerk's office. It must be in the form available on the court's website:

*https://ksd.uscourts.gov/civil-forms*

**b.** The parties expect the trial of this case to take approximately one (1) trial day. This case is set for trial beginning on **February 1, 2027 at 9:00 A.M.** before District Judge Kathryn H. Vratil in Courtroom 440 in Kansas City, Kansas. Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket

on which trial of the case actually will begin.  The trial setting may be changed only by order of the judge presiding over the trial.

**c.**        If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*https://ksd.uscourts.gov/civil-forms*

**d.**        This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated May 8, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U.S. Magistrate Judge