**IN THE UNITED STATES DISTRICT COURT**
 **FOR THE DISTRICT OF KANSAS**

JAMIE JOSEPH CARNEY,
 Plaintiff,

v.

SARA CARR,
 Defendant.

**Case No. 25-cv-2770-KHV-JBW**

**PROPOSED PROTECTIVE ORDER**

The parties anticipate that discovery in this action may involve the production of private, sensitive, confidential, financial, immigration, insurance, banking, loan, transfer, and third-party information. Good cause exists for entry of a protective order to protect such information from disclosure or use outside this litigation.

### 1. Scope

This Protective Order applies to documents, information, records, discovery responses, deposition testimony, exhibits, and other materials produced in this action that are designated as "Confidential."

### 2. Confidential Information

"Confidential Information" may include, but is not limited to:

a. bank statements and banking records;
 b. financial account records;
 c. Zelle, PayPal, AIB, or other transfer records;
 d. loan statements or credit records;
 e. 401(k), retirement, tax, or income-related records;
 f. health insurance, auto insurance, medical billing, or insurance-related records;
 g. immigration-related financial records;
 h. records showing gifts, loans, temporary assistance, or transfers from family members, friends, or other third parties;
 i. personal addresses, contact information, identifying information, and private financial details;
 j. documents containing information about non-parties.

### 3. Use of Confidential Information

Confidential Information may be used only for purposes of prosecuting, defending, attempting to settle, or otherwise participating in this I-864 lawsuit, including any appeal.

Confidential Information may not be used for any personal, public, commercial, social media, harassment, divorce, custody, immigration-unrelated, or other purpose outside this action unless permitted by the Court, required by law, or agreed in writing by the parties.

### 4. Persons Who May Access Confidential Information

Confidential Information may be disclosed only to:

a. the parties;
b. counsel for the parties and counsel's staff;
c. the Court and Court personnel;
d. court reporters, mediators, and litigation support personnel;
e. experts or consultants retained for this case;
f. witnesses or potential witnesses, but only to the extent reasonably necessary for this case;
g. any other person agreed to in writing by the parties or permitted by Court order.

### 5. Third-Party Information

Confidential Information involving non-parties, including family members, friends, or others who may have provided financial assistance, shall be treated as confidential and shall not be disclosed outside this litigation except as permitted by this Order.

### 6. Filing Confidential Information With the Court

Nothing in this Order automatically authorizes filing documents under seal. If a party seeks to file Confidential Information with the Court, that party must comply with the Federal Rules of Civil Procedure, the District of Kansas Local Rules, and any applicable Court procedures regarding redaction or filing under seal.

### 7. No Admission

The designation or production of documents as Confidential Information does not constitute an admission that the information is relevant, admissible, earned income, support, offset, or proof of any party's claim or defense.

All objections to relevance, admissibility, privilege, scope, burden, and use are preserved.

### 8. Challenges to Confidential Designation

A party may challenge a confidentiality designation by providing written notice to the designating party. The parties must confer in good faith to resolve the dispute. Until the dispute is resolved by agreement or Court order, the material shall continue to be treated as Confidential Information.

### 9. Inadvertent Disclosure

If Confidential Information is inadvertently disclosed to a person not authorized by this Order, the receiving party must promptly notify the producing party and make reasonable efforts to retrieve the information and prevent further disclosure.

### 10. Return or Destruction

Within 60 days after final resolution of this action, including any appeals, a receiving party must return or destroy Confidential Information upon written request, except that counsel may retain one archival copy of pleadings, motion papers, correspondence, deposition transcripts, exhibits, attorney work product, and court filings, subject to the continuing protections of this Order.

### 11. Continuing Effect

The obligations of this Protective Order continue after the conclusion of this case unless modified by the Court.

### 12. Court's Authority

The Court retains authority to enforce, modify, or terminate this Protective Order.

**IT IS SO ORDERED.**

Dated: _____

_____

United States District Judge / Magistrate Judge