# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Jamie Carney | ) | |
| **Plaintiff** | **)** | |
| v. | ) | C.A. No. 2:25-cv-02770 |
| Sara E. Carr | ) | |
| **Defendant** | **)** | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

On May 21, 2026, Plaintiff Jamie Carney submitted a Motion for Protective Order to this Court without providing Defendant Sara E. Carr the opportunity to review his protective order and denied Defendant's counsel Ms. Sprout the ability to work with Mr. Carney to submit a joint protective order to the Court. Mr. Carney met with Ms. Sprout via Zoom on April 15, 2026 to discuss the proposed scheduling order. On this date, Mr. Carney agreed with the deadline of May 21, 2026 to submit a jointly proposed protective order to the Court. During the scheduling conference with U.S. Magistrate Judge Jennifer B. Wieland on May 7, 2026, Mr. Carney again agreed to the May 21st deadline for the proposed protective order. Furthermore, Mr. Carney received the Court's Scheduling Order on May 8, 2026. In short, Mr. Carney has been on notice about a deadline that he agreed to for over a month.

Ms. Sprout has been working with Mr. Carney on a settlement offer. Based on the information that Mr. Carney will be required to provide to prove his claim, and the information that Ms. Carr will be required to support her affirmative defenses, Ms. Sprout did not believe a protective order would be required in this case. The Court's mandatory redaction rules will be sufficient to protect Ms. Carr's private information when the anticipated documentation is

submitted to the record. Because Ms. Carr believes a protective order is not necessary in this case, Ms. Sprout did not propose a protective order. As a matter of courtesy, Ms. Sprout sent an email to Mr. Carney at 8:14 CST on Wednesday May 20, 2026. Ms. Sprout, citing the scheduling order, asked if Mr. Carney could send a copy of his proposed protective order so that she may review it. At 3:40 am CST Mr. Carney emailed Ms. Sprout stating that he wanted to submit a protective order and he was seeking legal advice to help him with his protective order and would send her a copy of the protective order as soon as possible. At 5:58 am CST Mr. Carney sent his proposed protective order to Ms. Sprout, and at 6:43 am CST Mr. Carney filed the proposed protective order with the Court. During the 45 minutes between sending his proposed protective order and filing it with the Court, Ms. Sprout did not have an opportunity to review the proposed protective order or respond to Mr. Carney.

Mr. Carney's conduct violates the Rules of Practice of the United States District Court for the District of Kansas. The Rules of Practice state that if the parties disagree about the need for a protective order and/or its scope or language, the party or parties seeking such an order must first exhaust their meet-and-confer obligations pursuant to D. Kan. Rules 37.1 and 37.2 and then request a discovery conference with the court in compliance with D. Kan. Rule 37.1(a) on or before the date provided in the Scheduling Order for submitting the proposed protective order.  Mr. Carney did not exhaust his meet-and-confer obligations. He did not request a discovery conference with the court on or before the May 21, 2026 deadline as he proposed and later agreed to in the Scheduling Order. Mr. Carney is representing himself pro-se in this case, however, he availed himself to this Court and the Rules of Practice by filing this case. Communication with opposing counsel and following the Rules of Practice are not complicated legal standards which are incomprehensible to a layperson. Mr. Carney followed the rules and proper procedure for

submitting his Motion for Protective Order to the Court, demonstrating not only his ability to understand the Rules of Practice and Scheduling Order instructions but also to put them into action. As a party to this case, Mr. Carney cannot pick and choose which rules to follow and when.

## I.  ARGUMENT

### A.  The proposed protective order must be denied because was not made in good faith.

Mr. Carney's proposed protective order should be denied because it is missing the certification from the movant that he has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. Fed. R. Civ. P. 26(c)(1). As detailed *supra*, Mr. Carney had over one month to confer with Ms. Sprout and instead provided her only 45 minutes between notifying her of his proposed order and filing it with the Court. Mr. Carney did not make a good faith effort to confer with Ms. Sprout. Good faith has been defined by this Court as "conversing, conferring, comparing views, consulting and deliberating regarding [the] dispute." *Fanning v. Sitton Motor Lines, Inc.*, 2009 WL 1587671 (United States District Court, D. Kansas 2009). Mr. Carney did not even so much as attempt to confer with Ms. Sprout. As Mr. Carney has not acted in good faith, his proposed protective order should be denied.

### B.  The proposed protective order must be denied because it is overbroad.

Mr. Carney's proposed protective order should also be denied as it is overbroad. The protective order must be narrowly tailored and not overbroad. *See* Guidelines for Protective Orders for the District of Kansas, https://www.ksd.uscourts.gov/district-kansas-guidelines, p. 2 ("Language such as...'this protective order shall apply to all business records' is too vague and overbroad."). The proposed protective order asks the Court to deem confidential several general categories of information which alone are undefined and overbroad – such as "financial account records" and "immigration-related financial records." Document 19-1, 2. The proposed protective

order additionally asserts that confidentiality should not be "limited to" the broad category of documents that Mr. Carney includes in his list. *Id*. Because the proposed protective order is both vague and not narrowly tailored, it should be denied.

## II.      CONCLUSION

For these reasons, Plaintiff's Motion for a Protective Order should be denied.

Respectfully submitted this 21st day of May, 2026,

By her attorney

/s/  Valerie Kathleen Sprout
Valerie Kathleen Sprout
Bar Number 29920
Attorney for Defendant
The Law Office of Valerie K. Sprout, LLC
8101 College Blvd. Ste. 100
Overland Park, KS 66210
Telephone: (816) 226-4114
Email: valerie@sprout-immigration.com

I hereby certify that on this date, I electronically filed this Notice and the documents identified above with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record, and that for any non-parties, I will serve copies of this Notice and the documents identified above in accordance with Fed. R. Civ. P. 5 and applicable Local Rules.

05/21/2026                           */s/ Valerie Kathleen Sprout*

*Date Signature*                     Valerie Kathleen Sprout
                                     Bar Number 29920
                                     Attorney for Defendant
                                     The Law Office of Valerie K. Sprout, LLC
                                     8101 College Blvd. Ste. 100
                                     Overland Park, KS 66210
                                     Telephone: (816) 226-4114
                                     Email: valerie@sprout-immigration.com