IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMIE CARNEY,

                 Plaintiff,

      v.                                          Case No. 25-CV-2770-KHV-JBW

SARA E. CARR,

                 Defendant.

## ORDER DENYING WITHOUT PREJUDICE
## PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL

This matter comes before the Court on Plaintiff's Renewed Motion for Appointment of Counsel (Dkt. 25). Plaintiff, who is proceeding *pro se* and *in forma pauperis*, renews his request for the Court to appoint counsel to represent him in this case. The Court denied Plaintiff's prior motion without prejudice (Dkt. 13), noting that Plaintiff did not indicate whether he contacted any Kansas attorneys or law firms about representation in his case before filing his motion.

While a defendant in a *criminal* action has a constitutional right to be represented by an attorney, it is well settled that a party in a *civil* action has no right to appointment of counsel.[1] Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel." The appointment of counsel under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[2] In determining whether to appoint counsel under § 1915(e)(1), the

_____

[1] *Durre v. Dempsey*, 869 F .2d 543, 547 (10th Cir. 1989).

[2] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1)).

district court may consider a variety of factors, including:  (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his/her claims, and (4) the complexity of the legal issues raised by the claims.[3] Further, the party requesting the appointment of counsel must make diligent efforts to secure an attorney on his own.[4]

Section 1915(e)(1) merely permits the court to "request" an attorney to represent an indigent party in a civil case and does not authorize the court to require an unwilling attorney to take the case.[5] More significantly, Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[6] So the court only may seek an attorney willing to be appointed and provide his or her legal services pro bono (without payment). For these reasons, the appointment of counsel in a civil case is rare.[7]

The Court has considered Plaintiff's renewed motion under the above-referenced factors. Unlike his prior motion, Plaintiff states in his renewed motion that he has contacted multiple attorneys and law firms seeking representation, reduced-fee representation, limited-scope representation, deferred-fee representation, or assistance connected to any lawful settlement or

---

[3]*Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[4] *Cline v. Seal*, No. 22-CV-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022).

[5] *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 301–08 (1989).

[6] *See Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

[7] *Wishneski v. Andrade*, 572 F. App'x 563, 570 (10th Cir. 2014) ("Appointment of counsel in civil cases is the rare exception, not the rule.").

recovery arrangement. He attached copies of his efforts to contact five attorneys about legal representation. *See* Exhibit A (Dkt. 25). The Court finds Plaintiff has made diligent efforts to secure an attorney on his own prior to filing his motion. However, the other factors do not warrant the appointment of counsel for Plaintiff. Despite the limitations described in Plaintiff's motion and his limited knowledge of federal litigation procedure, Plaintiff still has been able to prepare and respond to case filings and was able to communicate his arguments at the May 5, 2026 scheduling conference. Based on his appearance at that videoconference and a review of his court filings to date, the Court finds Plaintiff to be capable of adequately representing himself without counsel at this stage of the proceedings. Nor has Plaintiff alleged any special circumstances that would lead the Court to conclude that he is not capable of proceeding on his own behalf or set his case apart from other individuals proceeding *pro se* in federal court.

**IT IS THEREFORE ORDERED** that Plaintiff's Renewed Motion for Appointment of Counsel (Dkt. 25) is **denied without prejudice**.

IT IS SO ORDERED.

Dated June 16, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge

3