# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Jamie Carney | ) | |
| **Plaintiff** | **)** | |
| v. | ) | C.A. No. 2:25-cv-02770 |
| Sara E. Carr | ) | |
| **Defendant** | **)** | |

## DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER TO THE COMPLAINT AND INCLUDED ADDITIONAL AFFIRMATIVE DEFENSE

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Defendant, Sara E. Carr, respectfully moves this Court for leave to file the attached Amended Answer to the Complaint ("Amended Answer"). Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Defendant moves to file the Amended Answer within the time permitted by the Court in the scheduling order. Doc. 18. Allowing Defendant to file the Amended Answer would serve justice and promote judicial efficiency. Further, there would be no substantial or undue prejudice, bad faith, undue delay, or futility.

### I.    PROCEDURAL BACKGROUND

Plaintiff, Mr. Jamie Carney, filed the Complaint against Defendant on December 23, 2025. Doc. 1. In the Complaint, Plaintiff alleged that Defendant is in breach of her obligations under Form I-864 by failing to provide support sufficient to maintain Plaintiff at 125% of the Federal Poverty Guidelines. *Id.* Plaintiff requested that the Court award him unpaid support "from the date Defendant ceased providing adequate support to the present." Plaintiff further requested that the

1

Court order Defendant to "provide ongoing financial support sufficient to maintain Plaintiff at not less than 125% of the Federal Poverty Guidelines for a household of one until the obligations terminates by law." *Id*.

Defendant submitted an Answer to the Complaint on February 5, 2026. Doc. 12. In this Answer, Defendant asserted four affirmative defenses to the Complaint, which included Plaintiff's failure to join an indispensable party, failure to state a claim upon which relief can be granted, termination of Defendant's financial support obligations as a matter of law, and unclean hands. *Id*. A scheduling order was entered on May 8, 2026. Doc. 18. The Court issued a protective order on June 16, 2026. Doc. 28.

## II.    FACTUAL BASIS FOR AMENDED DEFENSE

Through Initial Disclosures Defendant received additional facts and information regarding Plaintiff's calculation of the alleged damages. Plaintiff has disclosed financial records which suggest that there has not yet been a date that Defendant has ceased to provide adequate financial support under the I-864 Affidavit of Support. Plaintiff continues to assert that the I-864 Affidavit of Support is enforceable as he alleges that he is maintaining his permanent residency, and by filing the I-751 Petition to Remove Conditions of Residency he has acted on retaining his residency in the United States. Based on this information, Defendant wishes to submit an Amended Answer to assert the affirmative defense of lack of standing.

The duration of the I-864 Affidavit of Support is unknowable at this time. The I-864 Affidavit of Support obligations begin when the intending immigrant is granted permanent residency and terminate by operation of law when the sponsored immigrant: (1) becomes a United States citizen, (2) has worked, or can be credited with 40 qualifying quarters of coverage under title II of the

2

Social Security Act, (3) ceases to hold the status of permanent resident and departs the United States, (4) obtains in removal proceedings a new grant of adjustment of status as relief from removal, or (5) dies. 8 C.F.R. § 213a.2(e)(2)(i). Plaintiff may become a United States citizen, or he may not. He may decide to continue living permanently in Ireland, or he may not. U.S. Citizenship and Immigration Services may remove the conditions of his permanent residency, or they may not. Plaintiff cannot know for certain when or if he will work 40 qualifying quarters. Because the total amount of alleged damages cannot be determined, Plaintiff's case does not have standing because it is not yet ripe.

### III.    THE AMENDED ANSWER

Defendant's new affirmative defense is as follows:

A.  **Fifth Affirmative Defense:** Plaintiff's claims may be barred in whole or in part because Plaintiff lacks standing. The I-864 Affidavit of Support may still be in effect, and the duration of the Affidavit of Support is speculative. Plaintiff's claims are not yet ripe for review and therefore lack standing.  U.S. Const. art. 3, § 2, cl. 1.

Defendant additionally withdraws the demand for a jury trial, as the parties have agreed to a bench trial and one has already been scheduled by the Court.

### IV.    LEGAL STANDING AND ARGUMENT

A party may amend a pleading as a matter of course, either before the responding party answers for within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Where the time to amend as a matter of course has passed, and the opposing party does not consent, a party may amend its pleading only by leave of the court. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides leave shall be freely given when "justice so requires," and the decision to allow an amendment is within

3

the sound discretion of the Court. Fed. R. Civ. P. 15(a)(2); See *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995). The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment. *Minter v. Prime Equip. Co*., 451 F.3d 1196, 1204 (10th Cir. 2006). The Tenth Circuit Court of Appeals acknowledged Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties,'" especially in the absence of bad faith by an offending party or prejudice to a non-moving party. *Carefusion 213, LLC v. Professional Disposables, Inc*., No. 09-2616-KHV-DJW, 2010 WL 4004874, at *4 (D. Kan. Oct. 2, 2010) (citing Minter, 451 F.3d at 1204).

Justice so requires this amendment. This motion is timely as it is being submitted by the deadline set in the scheduling order. Adding the fifth affirmative defense does not prejudice the Plaintiff. Adding another affirmative defense does not shift the evidentiary burden away from Plaintiff, as he remains responsible for proving the elements of his claim to the Court. With or without an affirmative defense, Plaintiff is required to prove standing. Lastly, the Amended Answer is not futile. A motion to amend or supplement is futile if, notwithstanding the amendment or supplementation, the pleading would be subject to dismissal. *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). Defendant has asserted four other affirmative defenses to Plaintiff's claim, which stand on their own. Any one of the affirmative defenses, if approved by the Court, would allow the Court to find in Defendant's favor.

## V.    CONCLUSION

For these reasons, Defendant respectfully asks that the Court grant leave to file the attached Amended Answer to the Complaint. Attached is a proposed order.

4

Respectfully submitted this 17th day of June, 2026,

By her attorney

/s/  Valerie Kathleen Sprout
Valerie Kathleen Sprout
Bar Number 29920
Attorney for Defendant
The Law Office of Valerie K. Sprout, LLC
8101 College Blvd. Ste. 100
Overland Park, KS 66210
Telephone: (816) 226-4114
Email: valerie@sprout-immigration.com

I hereby certify that on this date, I electronically filed this Notice and the documents identified above with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record, and that for any non-parties, I will serve copies of this Notice and the documents identified above in accordance with Fed. R. Civ. P. 5 and applicable Local Rules.

06/17/2026                              /s/ Valerie Kathleen Sprout

*Date Signature*                        Valerie Kathleen Sprout
                                        Bar Number 29920
                                        Attorney for Defendant
                                        The Law Office of Valerie K. Sprout, LLC
                                        8101 College Blvd. Ste. 100
                                        Overland Park, KS 66210
                                        Telephone: (816) 226-4114
                                        Email: valerie@sprout-immigration.com

5