**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| Jamie Carney    ) | |
|     **Plaintiff**    ) | |
|     v.    ) | C.A. No. 2:25-cv-02770 |
| Sara E. Carr    ) | |
|     **Defendant**    ) | |

**DEFENDANT'S ANSWER TO THE COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant responds to the allegations in each corresponding paragraph of the Complaint as follows:

1. Defendant makes no answer to the allegations in paragraph 1, as this allegation is not directed against the defendant. This paragraph is a heading.

2. Defendant admits only so much of paragraph 2 of the Complaint that alleges Jamie Carney is an individual and resides in Dublin, Ireland. Defendant has insufficient knowledge to determine the truth or falsity of the allegation that Jamie Carney qualifies as an immigrant beneficiary, and, therefore, neither admits nor denies those allegations, but demands strict proof of them at trial.

3. Defendant admits paragraph 3 of the Complaint that alleges Sara E. Carr is an individual, resides in Kansas, and executed form I-864 on Plaintiff's behalf.

4. Defendant makes no answer to the allegations in paragraph 4, as this allegation is not directed against the defendant. This paragraph is a heading.

5. Defendant admits that this Court has subject matter jurisdiction.

6. Defendant admits that venue is proper.

1

7. Defendant makes no answer to the allegations in paragraph 7, as this allegation is not directed against the defendant. This paragraph is a heading.

8. Defendant admits only so much of paragraph 8 that alleges Defendant executed Form I-864 Affidavit of Support. Defendant denies the remaining allegations in paragraph 8.

9. Defendant denies the allegations in paragraph 9.

10. Defendant denies the allegation of paragraph 10.

11. Defendant denies the allegation of paragraph 11.

12. Defendant has insufficient knowledge to determine the truth or falsity of the allegations in paragraph 12, and, therefore, neither admits nor denies those allegations, but demands strict proof of them at trial.

13. Defendant denies the allegation of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

15. Defendant admits only so much of paragraph 15 that Plaintiff is residing in Ireland. Defendant has insufficient knowledge to determine the truth or falsity of the remaining allegations in paragraph 15, and, therefore, neither admits nor denies those allegations, but demands strict proof of them at trial.

16. Defendant denies the allegations of paragraph 16.

17. Defendant makes no answer to the allegations in paragraph 17, as this allegation is not directed against the defendant. This paragraph is a heading.

18. The allegation of paragraph 18 of the Complaint states a legal conclusion that requires no answer of Defendant, but to the extent that such allegation requires an answer, it is denied.

19. Defendant states that duties arise by operation of law and not by allegations of the pleader, and defendant denies the allegations in paragraph 19.

20. Defendant denies the allegations of paragraph 20.

21. Defendant denies the allegation of paragraph 21.

22. Defendant makes no answer to the allegations in paragraph 22, as this allegation is not directed against the defendant. This paragraph is a heading.

## ~~JURY DEMAND~~

~~23. Defendant hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.~~

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. Plaintiff's claims may be barred in whole or in part because Plaintiff has failed to join an indispensable party. Fed. R. Civ. P. 12(b)(7). There were two sponsors for the I-864 Affidavit of Support, and the complaint does not include both sponsors.

### Second Affirmative Defense

2. Plaintiff's claims may be barred in whole or in part because the complaint fails to state a claim upon which relief can be granted. Plaintiff is a third-party beneficiary to the I-864 Affidavit of Support, a contract between Defendant and the United States government. The Affidavit of Support only pertains to Plaintiff if a third party provides means-tested benefits and thereafter seeks to collect said benefits which then requires Defendant to indemnify Plaintiff up to 125% of the poverty line for said amounts collected by said third party.

3

### Third Affirmative Defense

3.  Plaintiff's claims may be barred in whole or in part because Defendant's financial support obligation has terminated. If Plaintiff loses his status as a lawful permanent resident and departs the United States, Defendant's financial support obligation terminates as a matter of law. 8 U.S.C. §1183a(a)(3).

### Fourth Affirmative Defense

4.  Plaintiff's claims by be barred in whole or in part because Plaintiff has unclean hands. Defendant is still upholding her obligations to the I-864 Affidavit of Support, including a shared lease and health insurance with Plaintiff. Plaintiff cannot reside with Defendant because of an active Protection from Abuse. Case Number JO-2025-DM-003643.

### Fifth Affirmative Defense

5.  Plaintiff's claims may be barred in whole or in part because Plaintiff lacks standing. The I-864 Affidavit of Support may still be in effect, and the duration of the Affidavit of Support is speculative. Plaintiff's claims are not yet ripe for review and therefore lack standing. U.S. Const. art. 3, § 2, cl. 1.

### PRAYER

WHEREFORE, Defendant prays that her answer be deemed good and sufficient and all claims by Plaintiff against Defendant be dismissed, with prejudice, and such other and further relief, legal and equitable, including attorney's fees, be awarded to Defendant.


Respectfully submitted this 5th day of February, 2026,

By her attorney

/s/  Valerie Kathleen Sprout

4

Valerie Kathleen Sprout
Bar Number 29920
Attorney for Defendant
The Law Office of Valerie K. Sprout, LLC
8101 College Blvd. Ste. 100
Overland Park, KS 66210
Telephone: (816) 226-4114
Email: valerie@sprout-immigration.com

I hereby certify that on this date, I electronically filed this Notice and the documents identified above with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record, and that for any non-parties, I will serve copies of this Notice and the documents identified above in accordance with Fed. R. Civ. P. 5 and applicable Local Rules.

<u>02/05/2026</u>                                     <u>*/s/ Valerie Kathleen Sprout*</u>

*Date Signature*                          Valerie Kathleen Sprout
                                          Bar Number 29920
                                          Attorney for Defendant
                                          The Law Office of Valerie K. Sprout, LLC
                                          8101 College Blvd. Ste. 100
                                          Overland Park, KS 66210
                                          Telephone: (816) 226-4114
                                          Email: valerie@sprout-immigration.com