| | | |
|---|---|---|
| Jamie Carney | ) | |
| **Plaintiff** | **)** | |
| v. | ) | C.A. No. 2:25-cv-02770 |
| Sara E. Carr | ) | |
| **Defendant** | **)** | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR 45-DAY EXTENSION OF TIME TO OBTAIN COUNSEL**

On July 3, 2026, Plaintiff, Mr. Jamie Carney, motioned this court to request a 45-day extension of time to obtain counsel. Mr. Carney contacted Defendant's counsel, Ms. Sprout, to request her position on this request on July 3, 2026, a federal holiday, at 3:09 pm CST. 34 minutes later Mr. Carney filed his motion for a 45-day extension without providing Defendant an opportunity to discuss Mr. Carney's request, clarify which deadline he wishes to extend, or make any reasonable effort to work with Defendant. Simply sending an email to opposing counsel does not satisfy the meet-and-confer requirement of KS R USDCT Rule 6.1. Even if provided the opportunity to respond to the request for an extension, Defendant opposes Mr. Carney's request for a 45-day extension of time to obtain counsel.

This is Mr. Carney's third request to this court regarding obtaining counsel. He has motioned the court twice to request appointment of counsel, and twice he has been denied without prejudice. Mr. Carney is the plaintiff in this case. He selected the venue, prepared the complaint, and decided when to file the case. He filed the complaint on December 23, 2025. Doc. 1. Mr. Carney decided to represent himself pro-se despite having attorney representing him in his divorce

proceedings.[1] Mr. Carney would later obtain counsel in his criminal case on April 8, 2026.[2] Should he have so desired to have counsel, he could have obtained counsel prior to the filing of this case. He was able to retain counsel in two separate legal matters in two separate areas of law during the pendency of this case. Mr. Carney has had every opportunity to obtain counsel for this case, and the Defendant opposes any additional time for him to obtain counsel.

Furthermore, Mr. Carney, while representing himself, worked with Ms. Sprout on a proposed scheduling order. Together, Ms. Sprout and Mr. Carney discussed the various deadlines for the case and agreed to the dates for each action. The parties met with Magistrate Judge Wieland on May 7, 2026, to review line-by-line the proposed scheduling order. Magistrate Judge Wieland answered Mr. Carney's questions about the requirements for each deadline and explained to both parties the expectations in the case. While possibly expecting to retain counsel during this time, Mr. Carney knowingly agreed to the scheduling order as a pro-se plaintiff. There has been no material change to Mr. Carney's ability to continue to represent himself has he has for the entirety of this case.

Lastly, Mr. Carney's request for a "45-day extension of time" is overbroad. Mr. Carney requests the extension to "respond to any pending deadlines, discovery obligations, or court requirements." This could encompass past deadlines, such as the deadline to disclose experts on June 5, 2026, or deadline for amending or joining additional parties on June 18, 2026. It could also pertain to future deadlines such as the August 7, 2026, discovery deadline or the August 12, 2026, proposed pretrial order. Without specificity, Mr. Carney's request appears to ask for a 45-day reset

---

[1] JO-2025-DM-003708, the divorce proceedings between Plaintiff and Defendant in the District Court of Johnson County, Kansas, Mr. Carney was represented by Mr. Jeremy Slemmons KS #30617, from November 24, 2025, until June 15, 2026.
[2] JO-2026-CR-000090, State of Kansas vs. Jamie Joseph Carney, also in the District Court of Johnson County, Kansas, Mr. Carney is currently represented by Mr. Michael Parrett KS #23487.

of all deadlines. If granted, this request would deny Defendant her right to a just and speedy proceeding.

## I. ARGUMENT

### A. There is no good cause for extending all deadlines for 45 days.

Mr. Carney has not shown good cause for extending the deadlines. Without knowing specifically which deadline Mr. Carney wishes to extend, this argument is specific to the request to extend the discovery deadline. A discovery cutoff date set in a scheduling order can only be modified "for good cause and with the judge's consent" according to Fed. R. Civ. P. 16(b)(4). *LoganTree LP v. Garmin Int'l Inc.*, 339 F.R.D. 171 (D. Kan. 2021). Good cause is evaluated primarily on the diligence of the party seeking the extension: the movant must show the existing deadline "cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230 (10th Cir. 2014).

In the present case, Mr. Carney has not shown any efforts to meet the discovery deadline. Mr. Carney was served Defendant's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission on June 26, 2026. Doc. 33. Mr. Carney has not acknowledged receipt of the requests to Ms. Sprout, nor has he communicated with her at all regarding the discovery requests. He has not shown that he has made any effort at all to comply with the discovery requests, let alone a diligent one. From his motion, it appears that Mr. Carney's only reason for wanting additional time for the discovery deadline is so that he can secure legal representation. Looking for an attorney is not a diligent effort to comply with the discovery request, and can be completed while meeting the July 26, 2026, deadline to respond to discovery. Defendant opposes additional time for Mr. Carney to retain an attorney in this case because has he has proven

his ability to hire an attorney in other legal matters and he made the informed decision to proceed pro-se in this case.

**B. Extending the Deadlines 45 Days Would Prejudice Defendant.**

As a defendant in a civil case, Ms. Carr is afforded a "just, speedy, and inexpensive resolution of civil disputes." 28 U.S.C. §471. Ms. Carr has complied with the court's scheduling deadlines and through counsel has been responsive to Mr. Carney in every step of this case. Extending the agreed upon deadlines would add unnecessary time and expense to this case. If Mr. Carney is unable or unwilling to proceed with this case, then the court should consider dismissing this case for failure to prosecute. Fed. R. Civ. P. 41(b).

## II. CONCLUSION

For these reasons, Plaintiff's Motion for a 45-Day Extension of Time to Obtain Counsel should be denied.

Respectfully submitted this 6th day of July, 2026,

By her attorney

/s/ Valerie Kathleen Sprout
Valerie Kathleen Sprout
Bar Number 29920
Attorney for Defendant
The Law Office of Valerie K. Sprout, LLC
8101 College Blvd. Ste. 100
Overland Park, KS 66210
Telephone: (816) 226-4114
Email: valerie@sprout-immigration.com

I hereby certify that on this date, I electronically filed this Notice and the documents identified above with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record, and that for any non-parties, I will serve copies of this Notice and the documents identified above in accordance with Fed. R. Civ. P. 5 and applicable Local Rules.

07/06/2026       */s/ Valerie Kathleen Sprout*

*Date Signature*      Valerie Kathleen Sprout
           Bar Number 29920
           Attorney for Defendant
           The Law Office of Valerie K. Sprout, LLC
           8101 College Blvd. Ste. 100
           Overland Park, KS 66210
           Telephone: (816) 226-4114
           Email: valerie@sprout-immigration.com